### BARELLI *v.* RIVIERE, Curator.

All personal actions, except those for which the law has provided a shorter term, are prescribed by ten years, if the creditor be present; and neither the nature of the debt, nor the mode of life of the debtor, can effect the rule. C. C. 3508.

APPEAL from the Court of Probates of New Orleans, *Bermudez, J. Josephs*, for the appellant. *Soulé*, for the defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims the sum of $3,026 24, for a balance of accounts resulting from transactions between him and the deceased, which were closed on the 5th September, 1831. The petition alleges this claim to be the result of commercial transactions, moneys paid, and goods furnished by the petitioner for the benefit of the deceased. This statement is corroborated by the account annexed to the petition, upon which proof of the claim has been made. The only defence is the plea of prescription. It prevailed in the court below, and the plaintiff appealed. The citation in this case was served on the 14th of February, 1844, and it is satisfactorily shown that the plaintiff and the deceased had both resided in the State during more than ten years previous to that time.

The plea of prescription is resisted on three grounds : 1st. That the amount, sued for resulted from transactions of a fiduciary character. 2d. That in consequence of the defendant's obscure and vagrant life, and of his intentional misrepresentations, the plaintiff was kept in ignorance of his place of abode. 3d. That if the deceased ever acquired prescription, he renounced it afterwards, and acknowledged the debt.

The two first grounds are untenable. All personal actions, except those for which the law has provided a shorter time, are prescribed by ten years, if the creditor be present; and neither the nature of the debt, nor the mode of life of the debtor, can affect the rule. C. C. 3508. If they could, from the plaintiff's own showing, his claim is an ordinary debt, and he might easily have ascertained the place of abode of the deceased. It is in proof that during the three years which preceded his death, he kept a *cabaret* near the St. Mary's market, and that his name was on the door.

The facts in support of the third ground are as follows; *Johnson*, a witness for the plaintiff, states that, in December, 1842, or January, 1843, being in company with the plaintiff, they met casually on the levée a man crippled and about fifty years of age. *Barelli* appeared very much surprised, and enquired why he had not called to see him. He answered, " *I am so poor that I have nothing to give you.*" The plaintiff told him to call and see him, and that he would aid him if he could. After they left this person, witness asked the plaintiff what his name was, and the plaintiff stated his name was *Aymard*. Now, although it be true that a renunciation to a prescription already acquired may be implied from circumstances, those circumstances must be such as will carry conviction to the mind of the judge. The payment of the arrears of interest or of a portion of the debt, or the giving security for the whole amount, are circumstances of that class. The words, " *I am so poor that I have nothing to give you,*" have no direct reference to the debt, and are far too loose and indefi-

nite to make proof of the renunciation. The very identity of the person who uttered them with the deceased is only shown by the declaration of the plaintiff, which is not legal evidence, The alleged intentional misrepresentations of the deceased, and his statement to the plaintiff that he resided in Lafayette, when in fact he kept a *cabaret* near the St. Mary's market, so far from benefiting the plaintiff, raises a very strong presumption that he had no intention to renounce any rights he might have acquired by lapse of time, or otherwise.